

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2013

# Jewish Home of E PA v. Centers for Medicare & Medicai

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-2273

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Jewish Home of E PA v. Centers for Medicare & Medicai" (2013). *2013 Decisions.* Paper 920.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/920

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2273
_____

JEWISH HOME OF EASTERN PENNSYLVANIA,
Petitioner

v.

CENTERS FOR MEDICARE & MEDICAID SERVICES;
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondents

_____

On Petition for Review of a Decision of the
Departmental Appeals Board of the
United States Department of Health and Human Services
(HHS-1:  A-12-19)

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2013

BEFORE:  JORDAN, GREENBERG, and NYGAARD, *Circuit Judges*

(Filed:  April 29, 2013)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Jewish Home of Eastern Pennsylvania petitions for a review of the final decision by the Secretary of Health and Human Services imposing a civil money penalty for numerous violations of Medicare participation requirements.  Jewish Home failed to raise its argument on preclusion before the Secretary and therefore we will not consider it on appeal.  42 U.S.C. § 1320a-7a(e).  Moreover, we denied a prior petition for review by Jewish Home on its claim of selective enforcement because it failed to show that it was treated differently from similarly situated nursing homes.  *See Jewish Home of Eastern Pa. v. Centers for Medicare and Medicaid Services*, 693 F.3d 359, 363 (3d Cir. 2012). We apply the same rationale in denying this petition, concluding that the "fact finding hearing" to which Jewish Home erroneously claims entitlement would be futile.

For these reasons, we will deny the petition for review as wholly without merit.